UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO,
FRANCISCO FERNANDEZ, ANTHONY
FASULO, PHILIP A. FAICCO and JAMES         REPORT AND
KILKENNY, as Trustees and Fiduciaries of the   RECOMMENDATION
PAVERS AND ROAD BUILDERS DISTRICT
COUNCIL WELFARE, PENSION, ANNUITY          09 CV 4720 (NG)(RML)
AND APPRENTICESHIP, SKILL
IMPROVEMENT AND TRAINING FUNDS,

                          Plaintiffs,

   -against-

ALZA CONSTRUCTION CORP.,

                          Defendant.
-------------------------------------------------------------X
LEVY, United States Magistrate Judge:

      By order dated September 1, 2011, the Honorable Nina Gershon, United States District Judge, granted plaintiffs' motion for a default judgment and referred the case to me for a report and recommendation on the scope of relief to be awarded. For the reasons stated below, I respectfully recommend that plaintiffs be awarded a total of $154,024.77, plus additional accrued interest.

### BACKGROUND AND FACTS

      Plaintiffs Vincent Masino, Keith Loscalzo, Francisco Fernandez, Anthony Fasulo, Philip A. Faicco and James Kilkenny ("plaintiffs"), as trustees and fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity, Apprenticeship, Skill Improvement and Training Funds (collectively "the Funds"), brought this action in November 2009 under § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiffs filed a First Amended Complaint in February 2010. By order dated September 1,

2011, Judge Gershon granted plaintiffs' motion for a default judgment and referred the case to me for a report and recommendation on the scope of relief to be awarded.

It is well settled that, upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. <u>Cotton v. Slone</u>, 4 F.3d 176, 181 (2d Cir. 1993); <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F. 2d 155, 158 (2d Cir. 1992); <u>Time Warner Cable of N.Y. v. City of Barnes</u>, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." <u>Flaks v. Koegel</u>, 504 F.2d 702, 707 (2d Cir. 1974). Plaintiffs' allegations, which are now deemed admitted, are as follows:

Each of the Funds is a multi-employer employee benefit trust fund, organized and operated in accordance with ERISA. (First Amended Complaint, dated Feb. 9, 2010 ("Am. Compl."), ¶ 1.) The Funds, which maintain their principal place of business in Flushing, New York, provide benefits to members of the Highway, Road and Street Construction Laborers Local Union 1010 ("Local 1010") and/or the Sheet Asphalt Workers Local Union No. 1018 ("Local 1018") (collectively, the "Union"). (<u>Id.</u> ¶¶ 1, 4.)

Defendant Alza Construction Corp. ("defendant") is a corporation registered to do business in New York, with its principal place of business in Jamaica, New York. (<u>Id.</u> ¶ 2.) Defendant is a party to, and is bound by, the Collective Bargaining Agreement (the "CBA") between the Union and various employers within the paving industry. (<u>Id.</u> ¶¶ 5, 10; <u>see also</u> Declaration of Francisco Fernandez, dated May 3, 2011 ("Fernandez Decl."), ¶¶ 5-6.) The CBA requires employers to pay fringe benefit contributions to the Funds according to the rate

schedules set forth therein for all work performed by the employers' pavers and road builders within the trade and geographical jurisdictions of the Union. (Am. Compl. ¶ 5.)

Defendant failed to make contributions to the Funds in the amount of $136,971.94 for work performed from September through December 2009.[1] (Id. ¶ 11.) Plaintiffs presently seek $107,759.20 in unpaid contributions for the months of October through December 2009, as well as interest on unpaid contributions, liquidated damages, and attorneys' fees and costs. (See Declaration of Charles R. Virginia, Esq., filed May 4, 2004 ("Virginia Decl."), ¶¶ 11-14.)

## DISCUSSION

"An employer's failure to contribute an agreed upon amount to a benefit plan pursuant to a collective bargaining agreement is an ERISA violation creating a right of action for the benefits due." Masino v. A to E, Inc., No. 07 CV 3462, 2009 WL 5184340, at *2 (E.D.N.Y. Dec. 21, 2009) (quotation marks and citations omitted). Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes the Funds to recover:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of -
    (i) interest on the unpaid contributions, or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . .of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

Section 1332(g) thus creates a mandatory right to interest, liquidated damages, and audit and

---

[1] Since the filing of the complaint, defendant has remitted payment for the contributions due for work performed in September 2009. (Affirmation of Judy Wong, Esq., sworn to Jan. 7, 2011, ¶ 11; see also Declaration of Joseph Montelle, dated May 3, 2011, ¶¶ 5-7.)

attorney's fees "in any case in which a judgment in favor of the [Fund] is awarded." Masino v. A to E, Inc., 2009 WL 5184340, at *2 (quotation marks and citations omitted).

### A. Unpaid Contributions

Plaintiffs request $107,759.20 in unpaid contributions for the period of October 2009 through December 2009. (Affirmation of Judy Wong, Esq., sworn to Jan. 7, 2011 ("Wong Aff."), ¶ 11; Virginia Decl. ¶ 14; see also Declaration of Joseph Montelle, dated May 3, 2011 ("Montelle Decl."), ¶ 7.) In support of their claim, plaintiffs have submitted monthly remittance reports covering the relevant period. (See Letter of Richard B. Epstein, Esq., dated July 15, 2011, Ex. A.) Having reviewed the remittance reports, the court calculates the unpaid contributions as $110,374.97.[2] However, as plaintiffs only request $107,759.20, I respectfully recommend that plaintiffs be awarded $107,759.20 in unpaid contributions.

### B. Interest on Unpaid Contributions

As stated above, plaintiffs are entitled to interest on the unpaid contributions. "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g). Pursuant to the CBA, interest is to be calculated at a rate of ten percent (10%) per annum. (See CBA, annexed as Ex. C to the Wong Aff.; see also Montelle Decl. ¶ 9.) Contributions are due on or before the thirty-fifth day after the close of the month in which the work was performed. (See Wong Decl., Ex. C at 16; see also Fernandez Decl. ¶ 8.) Plaintiffs calculate the interest on the unpaid contributions of $107,759.20 as $14,258.16, which they arrived at by converting to a daily

---

[2] According to the remittance reports, defendant owes $32,911.48 for October 2009, $41,605.51 for November 2009, and $35,857.98 for December 2009. (See id., Ex. A.)

interest rate and calculating the interest accrual from December 5, 2009 to the approximate date of the filing of this motion. (Montelle Decl. ¶ 10.) However, plaintiffs' methodology was flawed, as not all of the unpaid contributions began to accrue interest as of December 5, 2009. While the contributions owed for work performed in the month of October 2009 began accruing interest on December 5, 2009, by the court's calculations the contributions owed for November and December 2009 began to accrue interest on January 4, 2010 and February 4, 2010, respectively. Using the same formula as plaintiffs, the court calculates the interest owed as of May 2, 2011 as $14,591.39.[3] I respectfully recommend that this interest continue to accrue at the rate of $30.24 per day from May 3, 2011 until the date of entry of judgment.[4]

Plaintiffs also request $1,230.63 in interest for previous late contribution payments. (Am. Compl. ¶ 11; see also Fernandez Decl. ¶ 11.) Plaintiffs have adequately demonstrated their entitlement to interest on previous late payments. Therefore, I respectfully recommend that plaintiffs be awarded a total of $15,822.02 in interest on unpaid contributions.

### C. Liquidated Damages for Unpaid Contributions

Plaintiffs are also entitled to liquidated damages. See 29 U.S.C. § 1132(g)(2)(C)(ii). Plaintiffs assert that pursuant to the Funds' Policy for Collection of Delinquent Benefit Contributions (the "Collection Policy"), they are entitled to liquidated

---

[3] Plaintiffs based their interest calculation on unpaid contributions of $107,759.20. The court calculated the amount of interest on unpaid contributions of $110,374.97, the amount reflected in the monthly remittance reports. (See supra note 2.) Accordingly, the court's calculation of unpaid interest is higher than plaintiffs' calculation.

[4] The court calculates the daily interest rates for the three months of unpaid contributions as follows: $9.02 per day for the October 2009 contributions; $11.40 per day for the November 2009 contributions; and $9.82 per day for the December 2009 contributions.

damages calculated at twenty percent (20%) of the unpaid contributions. (See Collection Policy, Art. II, ¶ 4, annexed as Ex. C to the Montelle Decl.; see also Montelle Decl. ¶ 9.)[5] Plaintiffs correctly calculate the liquidated damages as $21,551.84. (Montelle Decl. ¶ 12; see also Wong Aff. ¶ 13.) I therefore recommend that they be awarded this amount.

D. Attorney's Fees and Costs

Finally, plaintiffs are entitled to "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). Plaintiffs seek $9,890.25 in legal fees and $485.00 in costs. (Virginia Decl. ¶ 11.)

In calculating a "reasonable" fee award, the court must first establish a reasonable hourly rate, which is "the rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 112 (2d Cir. 2007). "A district court's choice of rates is well within its discretion." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 206 (E.D.N.Y. 2007) (internal quotations omitted); see also Meehan v. Gristede's Supermarkets, Inc., No. 95 CV 2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997); Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz, 34 F.3d at 1160 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

---

[5] Article IX of the CBA binds defendant to all actions undertaken by the Funds' trustees in accordance with relevant trust agreements, including the Collection Policy. (See Letter of Richard B. Epstein, Esq., dated July 15, 2011; CBA Art. IX, § 1.)

Here, I find plaintiffs' counsel's hourly rates of $200 for attorneys and $80 for paralegals to be reasonable and in line with rates awarded in this district to counsel with comparable experience. See, e.g., Finkel v. Triple A Group, Inc., 708 F. Supp. 2d 277, 290 (E.D.N.Y. 2010) (approving hourly rates ranging from $200 to $225 per hour for attorneys and $75 per hour for paralegals in an ERISA action); T & M Meat Fair, Inc. v. United Food and Commercial Workers, Local 174, No. 00 CV 7968, 2002 WL 31202711, at *4 (S.D.N.Y. Sept. 25, 2002) (plaintiffs' counsel's hourly rate of $250 held reasonable in ERISA case).

As for the number of hours expended, courts uphold fee requests in ERISA cases when they determine that the number of hours claimed are "reasonable." See Trs. of the United Teamster's Fund v. Ronnie's Truck Serv., Inc., No. 07 CV 4456, 2008 WL 2686993, at *4 (E.D.N.Y. July 8, 2009) (citing McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F. 3d 91, 96 (2d Cir. 2000)). "The number of hours spent on litigation and the staffing pattern utilized is unreasonable if it is excessive, redundant or otherwise unnecessary." Bourgal v. Atlas Transit Mix, No. CV-93-0569, 1996 WL 75290, at *7 (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 150 F.R.D. 29, 35 (E.D.N.Y. 1993)). Plaintiffs' counsel have submitted contemporaneous time records to support their fee request. They state that they expended a total of 52.8 hours on this case. (Virginia Decl. ¶ 11.) Their work included drafting and amending the complaint, drafting correspondence, drafting the default motion, and engaging in unsuccessful settlement discussions with defendant.

I find the 52.8 hours excessive.[6] This was a straightforward and routine ERISA matter. Although counsel expended time attempting to settle this case, the majority of the

---

[6] Plaintiffs' counsel concedes that "the fees are unusually high for a default case[.]" (Virginia Decl. ¶ 11.)

activities were not complex. Moreover, counsel's repeated use of block-billing makes it impossible to assess the reasonableness of the entries. See Del Turco v. Taylor Tile Co., No. 03 CV 5543, 2007 WL 2581882, at *6 (E.D.N.Y. Aug. 6, 2007); see also LaBarbera v. David Liepper & Sons, Inc., No. 06 CV 1371, 2006 WL 2423420, at *5 (E.D.N.Y. July 6, 2006) (finding 17.17 hours reasonable in ERISA default judgment case).

Where, as here, the application for fees is excessive, the court may order an across-the-board percentage reduction in compensable hours. In re "Agent Orange" Prods. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987) (explaining that "the district court has the authority to make across-the-board percentage cuts in hours 'as a practical means of trimming fat from a fee application'" (quoting N.Y. State Ass'n For Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)). I find a fifteen percent (15%) reduction in plaintiffs' counsel's billing sufficient to account for the duplicative and excessive work. See, e.g., Carrero v. New York City Hous. Auth., 685 F. Supp. 904, 908 (S.D.N.Y. 1988) (stating reductions will be made "where the attorneys essentially duplicated each other's efforts"), aff'd 890 F.2d 569 (2d Cir. 1989); Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) (deducting fifteen percent of the number of hours claimed "[b]ecause the time records here contain some vague entries and block entries" (internal citation and quotation marks omitted)). Accordingly, I recommend an award of $8,406.71 in attorney's fees.

Plaintiffs also seek costs in the amount of $485.00. (Virginia Decl. ¶ 12.) A court will generally award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Massotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). Here, the

expenditures are for filing fees and service of process in connection with the two complaints. I find the amount reasonable. Therefore, I respectfully recommend that plaintiffs be awarded $485.00 in costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs receive (a) $107,759.20 in unpaid contributions; (b) $15,822.02 in interest on unpaid contributions; (c) $21,551.84 in liquidated damages; (d) $8,406.71 in legal fees; and (e) $485.00 in costs. In total, I recommend an award to plaintiffs of $154,024.77. I further recommend that interest continue to accrue at the rate of $30.24 per day from May 3, 2011 to the date of entry of judgment. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Gershon and my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      February 23, 2012